## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Gary Equils, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    1:11cv1402 (AJT/JFA) |
| | ) |
| Virginia Beach Correctional Center, | ) |
|     Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Gary Equils, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant

to 42 U.S.C. § 1983, alleging that he suffered deliberate indifference to his serious medical needs

at the Virginia Beach Correctional Center ("VBCC"). Plaintiff has applied to proceed in forma

pauperis in this action. After reviewing plaintiff's complaint, the claim against the defendant

must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I.

Plaintiff alleges that he put in a sick call slip during the last week of November, 2011,

because he was suffering from bleeding hemorrhoids. He was not seen by a doctor until December

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

15, and at that time the doctor prescribed medication and a soft diet. When two days passed

and plaintiff had not yet received his medication or soft diet, plaintiff asked a nurse about the

situation, and she responded that the medication was "on order." Plaintiff alleges that the nurse had

"routine over-the-counter stool softener and laxative that she is authorized to issue," but she would

not give them to plaintiff, and she "displayed a rude attitude." In addition, plaintiff asserts that the

soft food diet "is available immediately from the kitchen," but he has not received it. Plaintiff

contends that the medical staff at VBCC neglects his proper treatment, "takes lightly medical issues,"

and makes inmates wait too long to see a doctor. Further, when medications are prescribed, plaintiff

"has to fight just to get them," which "is a violation of [his] right to proper health care." The named

defendant is VBCC, and as relief, plaintiff seeks "transfer to an institution that will provide better

health care."

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint

that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed

true, and the complaint should be dismissed only when "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570  (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55.  Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III.

There are a number of problems with plaintiff's complaint.  First, to state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42 (1988).  Because the VBCC is not a "person," it can have no liability to plaintiff under § 1983 for the harm plaintiff alleges.

Under other circumstances, plaintiff as a pro se litigant would be given an opportunity to particularize and amend his allegations, to name a defendant who might be amenable to suit under § 1983.  Here, however, such action would be futile, because plaintiff's allegations in substance do not state a claim of constitutional dimension.  To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995).  To establish that inadequate medical treatment rises to the level of a constitutional violation, a

plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986);  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). To do so, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

At this juncture, it is apparent that plaintiff's claim of inadequate medical care fails to meet the requirements for an actionable Eighth Amendment violation. As to the first component of a Eighth Amendment claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may produce death, degeneration, or extreme

4

pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). For purposes of this analysis, it will be assumed that plaintiff's bleeding hemorrhoids, which allegedly cause him severe pain, constitute a sufficiently serious condition to warrant constitutional protection. However, plaintiff's allegations regarding the medical care he has received fall short of showing that the medical staff at VBCC was deliberately indifferent to that condition. The alleged fact that plaintiff had to wait slightly over two weeks to see a doctor after submitting his sick call request is not a circumstance which is shocking to the conscience or intolerable to fundamental fairness. Cf. Miltier, 896 F.2d at 851. Two or three days after his doctor's appointment, when plaintiff filed this complaint,[2] his prescribed medication admittedly had been ordered, a fact which clearly belies any deliberate indifference on the part of the VBCC medical staff. Plaintiff's assertion that the nurse could have given him an over-the-counter laxative or stool softener and did not do so amounts to no more than a disagreement with medical personnel over the course of his treatment, which does not make out a § 1983 cause of action. Wright, 766 F.2d at 849. In short, taking all of plaintiff's allegations as true, he fails to state a claim for violation of his rights under the Eighth Amendment.

Lastly, even if plaintiff's allegations were sufficiently egregious to state a claim for which § 1983 relief would be available, the Court as a matter of law could not grant plaintiff the form of relief he seeks. It is well established that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). A

---

[2]In his factual allegations, plaintiff states that he saw the doctor on December 15 and had not received his medication or soft diet by December 18. Compl. at 5. However, the date the complaint was executed is indicated as December 17. Compl. at 6.

prisoner has no due process interest in his placement at a particular prison, nor does the

Constitution "guarantee that the convicted prisoner will be placed in any particular prison."

Meachum, 427 U.S. at 223-25; see also, Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).  A

decision to place a convicted defendant within a particular facility is a decision within the sole

discretion of the relevant correctional department,  Thye v. United States, 109 F.3d 127, 130 (2d

Cir. 1997), and "any approach that puts the judicial branch in charge of designating the place of

confinement for a  ... prisoner - no matter how well justified on utilitarian grounds - collides

with" that authority.  Falcon v. Knowles, 807 F. Supp. 1531, 1533 (S.D. Fla. 1992).  Therefore,

the transfer to a different institution plaintiff seeks is not within the purview of this Court to

grant.

## IV.

For the foregoing reasons, plaintiff's complaint states no claim for violation of his rights

under the Eighth Amendment, and  must be dismissed for failure to state a claim.  Accordingly,

it is hereby

ORDERED that plaintiff's complaint be and is DISMISSED, WITH PREJUDICE for

failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[3]  this dismissal

---

[3] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
or proceeding under  this section if the prisoner has, on 3 or more prior occasions,
while incarcerated or detained in any facility, brought an action or appeal in a court
of the United States that was dismissed on the grounds that it is frivolous, malicious,
or fails to state a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED AS MOOT.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. Fed R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff and to close this civil case.

Entered this ___13th___ day of ___JAN._____ 2012.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge

7